IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WILLIAM HENRY MICHELLETTI                                              MOVANT

V.                                                          NO. 1:13CR50-MPM-DAS

UNITED STATES OF AMERICA                                  RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Movant, William Henry Michelletti, proceeding *pro se*, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has submitted a response to the motion, and Michelletti has replied. Having considered the pleadings and the record, including the relevant parts of the underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and that the instant motion will be denied.

**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. Collateral attack limits a defendant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

## Factual and Procedural History

On March 4, 2013, investigators with the Lee County Sheriff's Department were conducting an undercover on-line investigation of possible child molesters. The investigators, posing as a fifteen-year-old female, were contacted by Michelletti online and later by text message. Michelletti, a thirty-six year-old resident of Paris, Mississippi, proposed meeting to engage in sexual intercourse and emailed nude photographs of himself to an undercover officer. Michelletti then provided the officer his cellphone number and engaged in a series of text messages discussing sex.

Michelletti and the officer agreed to meet in a park in Tupelo, Mississippi, and engage in sexual intercourse. On the evening of March 5, 2013, when Michelletti arrived at the arranged meeting place, he was placed under arrest. Michelletti's cellular telephone was seized and the texts he sent to the officer were identified. Waiving his rights to silence and counsel, Michelletti

gave written and oral statements that he had traveled to the park to engage in sexual intercourse with a minor.

On March 20, 2013, Michelletti was indicted on one count of enticement of a minor in violation of 18 U.S.C. § 2422(b). He pleaded guilty to Count I on July 11, 2013. On June 19, 2014, Michelletti was sentenced to the ten-year mandatory minimum.

On June 24, 2015, Michelletti signed and submitted to the Court "Defendant's Motion for Review of the Unlawful Sentence in the Above Styled Action, Pursuant to 18 U.S.C. § 3742(a)(1)." Doc. #34. On July 20, 2015, the Court entered an order advising Michelletti that his motion could not be considered as filed, and it warned him that the motion would be treated as one filed under 28 U.S.C. § 2255. Doc. #35. The Court informed Michelletti of the bar against successive § 2255 motions, and it allotted him twenty-one days within which to withdraw the motion or amend it to include all of his claims. *Id.* Michelletti requested to withdraw his § 2255 motion and notified the Court he wished to refile it pursuant to Federal Rule of Criminal Procedure 52(b). The Court, finding Federal Rule of Criminal Procedure 52(b) inapplicable to this cause, granted Michelletti's request to withdraw his § 2255 motion and denied his request to proceed under Rule 52(b). Doc. #37. Michelletti appealed that order. Doc. #39. The Fifth Circuit dismissed the appeal as frivolous. *United States v. Michelletti*, No. 15-60576. Doc. #44.

On April 16, 2016, Michelletti signed the instant motion, asserting that the Court lacked subject-matter jurisdiction to convict him, alleging that he received the ineffective assistance of counsel, and maintaining that he was denied his rights to due process. Doc. #46. Michelletti concedes that the motion is untimely, but he claims that his innocence of the charges requires review of the merits of his claims. In its response, the government does not address the issue of

the motion's timeliness, and the Court declines to address it *sua sponte*. Instead, it turns to a consideration of the merits of Michelletti's claims.

## Discussion

### I. Guilty Plea

Michelletti claims his constitutional rights were violated in connection with his guilty plea. He claims the Court failed to fully advise him of the rights he was giving up as a result of his guilty plea, it failed to advise him of all the essential elements of the charged offense, and it failed to advise him of "the implied waivers," such as his right to appeal and or/collaterally attack the judgment against him, in his plea agreement. He also claims that counsel performed ineffectively in connection with the guilty plea, arguing that counsel failed to advise him as to the essential elements of the crime, the standard of proof that would be required, and the various waivers and their effects, including the waiver of his right to bring ineffective assistance of counsel claims. He also asserts that counsel failed to investigate the case for possible defenses, failed to investigate the charging offense as it relates to the facts of movant's case, and failed to investigate the law governing Michelletti's alleged conduct.

A guilty plea is valid only if it is entered into "voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). To that end, the United States Court of Appeals for the Fifth Circuit has identified three fundamental concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic understanding of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627–28 (5th Cir.1993).

The plea agreement at issue in this case, signed on July 8, 2013, by Michelletti, his defense counsel, and the government, contains the following provisions:

> GUILTY PLEA: The defendant agrees to plead guilty under oath to a one-count Indictment, which charges using facilities in interstate commerce to attempt to persuade, induce and entice a 15-year-old minor to engage in sexual activity with him which would constitute the crimes of statutory rape for which WILLIAM HENRY MICHELLETTI could be prosecuted under the laws of the State of Mississippi (Mississippi Code Annotated 97-3-65(a)), and sexual battery for which WILLIAM HENRY MICHELLETTI could be prosecuted under the laws of the State of Mississippi (Mississippi Code Annotated 97-3-95(1)(c)), in violation of Title 18, United States Code, Section 2422(b), which carries maximum possible penalties of not less than 10 years and not more than life incarceration, not more than $250,000 fine, not less than 5 years and not more than life supervised release and a special assessment of $100.
>
> ****
>
> ACKNOWLEDGMENTS: No Other Agreements; Defendant Is in Fact Guilty. Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea(s) of guilty. This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

Doc. # 19 at ¶¶ 1 and 5.

A plea supplement was also executed by the parties in which they agreed to a 120-month sentence. *See* Doc. # 20. Neither the plea agreement nor the supplement contain any appeal or collateral review waiver provisions.

At his change of plea hearing held on July 11, 2013, Michelletti stated that he had received a copy of the indictment pending against him, that he had fully discussed the charges with his attorney, and that he was fully satisfied with the counsel and advice rendered by his attorney. Doc. #22 at 5. He stated that he understood that he would have a presumption of innocence at trial, and that "the Government would be required to prove [him] guilty beyond a

5

reasonable doubt" if he chose to go to trial. *Id*. at 6. At the hearing, the government read into the record as follows:

> The following elements would have to be proven beyond a reasonable doubt: First, that the defendant knowingly used instant messaging or cellular telephone communications which are interstate communication facilities to attempt to persuade or induce or entice a minor to engage in sexual activity as charged.
> And that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of Mississippi; in this case, statutory rape or sexual battery. The crime charged in the indictment is an attempt to engage in sexual activity with a minor.
> A person may be found guilty of an attempt if he intended to carry out the acts and voluntarily and intentionally carried out some act which was a substantial step toward the act; in this case, traveling to Tupelo to meet the minor.

Doc. #22 at 7-8.

Michelletti voiced his understanding of the penalties he faced, and the substance of the plea agreement was read into the record. *Id*. at 8-10. The Court noted that the parties had entered into a supplemental agreement providing an agreed sentence of imprisonment of 120 months, the mandatory minimum, and the supplement was entered into the record. *Id*. The Court advised Michelletti that if his plea was accepted, he would be deprived of certain rights, "such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm." *Id*. at 11.

The government's evidence was read into the record, and Michelletti admitted that he drove to Tupelo, Mississippi, to meet a fifteen-year-old girl for the purpose of engaging in sexual activity with her. *Id.* at 13-14. At the conclusion of the hearing, Michelletti pleaded guilty. *Id*. at 15.

The Court finds that the record evidence demonstrates that Michelletti clearly knew the conduct he was charged with prior to entering a guilty plea. He was informed of the essential

reasonable doubt" if he chose to go to trial. *Id*. at 6. At the hearing, the government read into the record as follows:

> The following elements would have to be proven beyond a reasonable doubt: First, that the defendant knowingly used instant messaging or cellular telephone communications which are interstate communication facilities to attempt to persuade or induce or entice a minor to engage in sexual activity as charged.
> And that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of Mississippi; in this case, statutory rape or sexual battery. The crime charged in the indictment is an attempt to engage in sexual activity with a minor.
> A person may be found guilty of an attempt if he intended to carry out the acts and voluntarily and intentionally carried out some act which was a substantial step toward the act; in this case, traveling to Tupelo to meet the minor.

Doc. #22 at 7-8.

Michelletti voiced his understanding of the penalties he faced, and the substance of the plea agreement was read into the record. *Id*. at 8-10. The Court noted that the parties had entered into a supplemental agreement providing an agreed sentence of imprisonment of 120 months, the mandatory minimum, and the supplement was entered into the record. *Id*. The Court advised Michelletti that if his plea was accepted, he would be deprived of certain rights, "such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm." *Id*. at 11.

The government's evidence was read into the record, and Michelletti admitted that he drove to Tupelo, Mississippi, to meet a fifteen-year-old girl for the purpose of engaging in sexual activity with her. *Id.* at 13-14. At the conclusion of the hearing, Michelletti pleaded guilty. *Id*. at 15.

The Court finds that the record evidence demonstrates that Michelletti clearly knew the conduct he was charged with prior to entering a guilty plea. He was informed of the essential

elements of the charged offense, and he was informed by the Court and the government that the government would have to prove its case beyond a reasonable doubt at trial. Doc. #22 at 6; 7. He was repeatedly informed of the agreed-upon sentence, which was the mandatory minimum that could be imposed under the statute. Additionally, he admitted his criminal conduct at his guilty plea, thereby refuting any allegation of factual innocence of the offense.

In order to prove that defense counsel rendered ineffective assistance, Michelletti is required to demonstrate "that counsel's performance was deficient," and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is no merit to any of Michelletti's claims concerning his guilty plea, and therefore, Michelletti cannot demonstrate that defense counsel performed ineffectively in his representation. *See United States v. Wilkes*, 20 F.3d 561, 653 (5th Cir. 1994) (noting that counsel is not ineffective for failing to raise meritless or frivolous arguments). Additionally, there is nothing in the record to suggest that, without counsel's alleged errors, Michelletti would not have pleaded guilty and would have insisted upon going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (holding that in order to show prejudice from counsel's representation in context of guilty plea, a defendant must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). The Court finds no merit to Michelletti's claims concerning counsel's performance or the validity of his guilty plea, and relief on these issues is denied.

## II. Charging Statute

Michelletti claims that this Court had no jurisdiction to convict and sentence him for

conduct that does not violate Federal law, claiming that the charging statute contains a residual clause so vague that it fails to give fair notice of the conduct it punishes. Specifically, he maintains that the government improperly charged him under § 2422(b) with "sexual activity for which any person can be charged with a criminal offense."

Michelletti was charged with a violation of 18 U.S.C. 2422(b), which provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

Insofar as Michelletti claims he was prosecuted under the statute's "residual clause," he is attempting to bring his case under the purview of the Supreme Court's decision in *Johnson v. United States*, which held that the residual clause in the definition of a violent felony in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). At the outset, the Court notes that Michelletti's conduct could have been prosecuted under Mississippi's statutory rape and sexual battery laws, and the indictment against Michelletti notified him as such. *See* Miss. Code Ann. §§ 97-3-65(a) (statutory rape) and 97-3-95(1)(c) (sexual battery). Additionally, the Court determines that 18 U.S.C. § 2422(b) does not contain a residual clause similar to the one invalidated in *Johnson*. The Fifth Circuit has held that 18 U.S.C. § 2422(b) is not unconstitutionally vague, as its terms acquire the ordinary meaning in the criminal context, and its scienter requirement constrains government discretion. *See United States v. Howard*, 766 F.3d 414, 430 (5th Cir. 2014) . Therefore, the Court finds that *Johnson* is inapplicable to this case, and Michelletti's claim of

8

unconstituionality has been foreclosed.

Additionally, Michelletti claims that the statute of conviction is unconstitutional because it exceeds Congress' power under the Commerce Clause. As the Court understands it, Michelletti's argument is that the crime at issue in this case — statutory rape — does not involve an economic nexus that would implicate the Commerce Clause, and therefore, cannot be federally prosecuted under Congress' Commerce Clause powers.

The Constitution allows Congress the power "[t]o regulate Commerce with foreign Nations, and among the Several States, and with the Indian Tribes." Art. I, § 8, cl. 3. The Supreme Court has interpreted this as allowing Congress to regulate activity involving: (1) "the use of channels of interstate commerce"; (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities"; and (3) "those activities having a substantial relation to interstate commerce, ... i.e., those activities that substantially affect interstate commerce." *See United States v. Lopez*, 514 U.S. 549, 558-59 (1995).

Here, Michelletti used both telephone and Internet services for his criminal conduct. It is settled law that telephone and Internet services are both instruments and channels of interstate commerce under Congress' power to regulate. *United States v. Hilton*, 257 F.3d 50, 54 (1st Cir.2001) ("[P]roof of transmission of pornography over the Internet or over telephone lines satisfies the interstate commerce element of the offense."); *United States v. MacEwan*, 445 F.3d 237, 246 (3rd Cir. 2006) (holding the Internet "is properly regulated by Congress as a channel and instrumentality of interstate commerce"); *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009) ("In 2009, it is beyond debate that the Internet and email are facilities or means of

interstate commerce."); *United States v. Marek*, 238 F.3d 310, 318 (5th Cir.2001) ("Interstate commerce facilities that have created a criminal federal jurisdictional nexus during intrastate use include telephones ..."); and *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir.2004) ("Congress clearly has the power to regulate the internet, as it does other instrumentalities and channels of interstate commerce, and to prohibit its use for harmful or immoral purposes regardless of whether those purposes would have a primarily intrastate impact."). Accordingly, the Court finds that this claim, and its related motions[2] are without merit.

**Certificate of Appealability**

An appeal cannot be taken from a final order adverse to a habeas applicant unless a certificate of appealability ("COA") issues. 28 U.S.C. § 2253(c)(1)(B). This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For claims rejected on their merits, a movant may obtain a COA by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Finding that Michelletti's claims fail to satisfy these criteria, a COA will not issue in this case.

---

[2] Michelletti filed a motion to appoint counsel [50] and a motion asking the Court to certify to the Attorney General the issue of the charging statute's constitutionality. [53]. Because the Court has determined that Michelletti's motion lacks merit, it finds no cause to appoint counsel in this matter. *See* 18 U.S.C. § 3006A(a)(2)(B) (empowering court to appoint counsel to indigent movant when it ". . . determines that the interests of justice so require[ .]"). 18 U.S.C. §3006A(a)(2)(B). Concerning the later motion, the Court notes that the United States is a party in this action and has complied with the Court's order to respond to the instant motion. The request for Certification is frivolous. *See, e.g.*, 28 U.S.C. § 2403 and Federal Rule of Civil Procedure 5.1.

## Conclusion

For the reasons set forth above, Michelletti's § 2255 motion [46] is **DENIED**. A certificate of appealability from this decision is **DENIED**. Defendant's motion to appoint counsel [50] is **DENIED**, as his motion for Certification [53] is **DENIED**. The Court will enter final judgment by separate order.

**SO ORDERED**, **THIS** the 20th day of July, 2016.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**